Eugene J. Egan (State Bar No. 130108)
Michael H. Cooper (State Bar No. 272124)
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant TARGET CORPORATION

**NOTE CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PADMA UPADHYAYULA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION; a Minnesota Corporation, individually and doing business in California as TARGET and DOES 1 to 50, Inclusive <br><br> Defendants. | Case No. 2:16 CV-01295 SVW (SSw) <br><br> [~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER <br><br> Action Filed: February 3, 2016 <br> The Hon. ~~Hon.~~ Stephen V. Wilson |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.   This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) For purposes of this Stipulated Protective Order Confidential Material is specifically

1 | defined as follows:
2 |     - *Team Member Handbook (Hourly);*
3 |     - *Team Member Handbook (Executive);*
4 |     - *Safety Training - New Team Member Orientation DVD;*
5 |     - *Spill Clean-Up Training Card;*
6 |     - *Basic Safeness - Managing Guest Incidents;*
7 |     - *Basic Safeness Sales Floor Guide (Employee);*
8 |     - *Basic Safeness Sales Floor Guide (Trainer).*

2.  The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential"). If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court. *[handwritten: This Order does not govern trial  SWS]*

3.  Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.  Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.  Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such

1  record shall be made available to the designating party upon request.

2      6.    If additional persons become parties to this Lawsuit, they shall not have
3  access to any Confidential Material until they execute, ~~and file with the Court~~ their  *SWS*
4  written agreement to be bound by the terms of this Order.

5      7.    In the event that any question is asked at a deposition that calls for the
6  disclosure of Confidential Material, the witness shall answer such question (unless
7  otherwise instructed not to do so on grounds of privilege) provided that the only
8  persons in attendance at the deposition are persons who are qualified to receive such
9  information pursuant to this Order. Deposition testimony may be designated as
10 confidential following the testimony having been given provided that: (1) such
11 testimony is identified and designated on the record at the deposition, or (2) non-
12 designating counsel is notified of the designation in writing within thirty days after
13 receipt by the designating party of the respective deposition transcript. All
14 deposition transcripts in their entirety shall be treated in the interim as
15 "Confidential" pursuant to paragraph 2 above. When Confidential Material is
16 incorporated in a deposition transcript, the party designating such information
17 confidential shall make arrangements with the court reporter not to disclose any
18 information except in accordance with the terms of this Order.

19     8.    If a deponent refuses to execute a Confidentiality Agreement,
20 disclosure of Confidential Material during the deposition shall not constitute a
21 waiver of confidentiality. Under such circumstances, the witness shall sign the
22 original deposition transcript in the presence of the court reporter and no copy of the
23 transcript or exhibits shall be given to the deponent.

24     9.    ~~With respect to any communications to the Court, including any
25 pleadings, motions or other papers, all documents containing Confidential Material
26 shall be communicated to the Court in a sealed envelope or other appropriate sealed
27 container on which shall be written the caption of this Lawsuit, an indication of the
28 nature of the contents of the sealed envelope or container, and the words~~

*SWS*      See L.R. 79-5.



3

Case No. 2:16 CV-01295 SVW (SSw)
**ORDER RE STIPULATED PROTECTIVE ORDER**

1  "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All
2  communications shall indicate clearly which portions are designated to be
3  ~~"Confidential." Any communications containing Confidential Material shall be~~
4  ~~returned to the submitting party upon termination of this Lawsuit (whether by~~
5  ~~dismissal or final judgment.)~~
6      10.  ~~The Clerk of the Court is directed to maintain all communications~~
7  ~~received by the Court pursuant to paragraph 9 above under seal. All such~~
8  ~~communications shall be maintained in the Court's file in a sealed envelope or other~~
9  ~~appropriate sealed container on which shall be written the caption of this Lawsuit,~~
10 ~~an indication of the nature of the contents of the sealed envelope or container, and~~
11 ~~the following statement: "Enclosed are confidential materials filed in this case~~
12 ~~pursuant to a Protective Order entered by the Court, and the contents shall not be~~
13 ~~examined except pursuant to further order of the Court."~~
14     11.  If a non-designating party is subpoenaed or ordered to produce
15 Confidential Material by another court or administrative agency, such party shall
16 promptly notify the designating party of the pending subpoena or order and shall not
17 produce any Confidential Material until the designating party has had reasonable
18 time to object or otherwise take appropriate steps to protect such Confidential
19 Material.
20     12.  If a party believes that any Confidential Material does not contain
21 confidential information, it may contest the applicability of this Order to such
22 information by notifying the designating party's counsel in writing and identifying
23 the information contested. ~~The parties~~
24 shall have thirty days after such notice to meet and confer and attempt to resolve the
25 issue. ~~If the dispute is not resolved within such period, the party seeking the~~
26 ~~protection shall have thirty days in which to make a motion for a protective order~~
27 ~~with respect to contested information.~~ Information that is subject to a dispute as to
28 whether it is properly designated shall be treated as designated in accordance with

Margin annotations: "See L.R. 79-5, 79-7." and "See L.R. 37."

1  the provisions of this Order until the Court issues a ruling.

2        13.   Inadvertent failure to designate any material "Confidential" shall not
3  constitute a waiver of an otherwise valid claim of confidentiality pursuant to this
4  Order, so long as a claim of confidentiality is asserted within fifteen days after
5  discovery of the inadvertent failure. At such time, arrangements shall be made by
6  the parties to designate the material "Confidential" in accordance with this Order.

7        14.   This Order shall be without prejudice to the right of any party to oppose
8  production of any information or object to its admissibility into evidence.

9        15.   When any counsel of record in this Lawsuit or any attorney who has
10 executed a Confidentiality Agreement becomes aware of any violation of this Order,
11 or of facts constituting good cause to believe that a violation of this Order may have
12 occurred, such attorney shall report that there may have been a violation of this
13 Order to the Court and all counsel of record. See L.R. 37.

14       16.   Within thirty days after the termination of this Lawsuit (whether by
15 dismissal of final judgment), all Confidential Material (including all copies) shall be
16 returned to counsel for the designating party. In addition, counsel returning such
17 material shall execute an affidavit verifying that all Confidential Material produced
18 to such counsel and any subsequently made copies are being returned in their
19 entirety pursuant to the terms of this Order. Such a representation fully
20 contemplates that returning counsel has: (1) contacted all persons to whom that
21 counsel disseminated Confidential Material, and (2) confirmed that all such material
22 has been returned to disseminating counsel.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS ORDERED:

For GOOD CAUSE SHOWN,

DATED: 6/9, 2016

_____
JUDGE OF UNITED STATES DISTRICT COURT

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On April 12, 2016, I served true copies of the following document(s) described as **[PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

Sark Ohanian, Esq.
Jake Cohen, Esq.
Carpenter, Zuckerman & Rowley LLP
8827 West Olympic Boulevard
Los Angeles, CA 90211
P: 310.273.1230; F: 310.858.1063
Attorney for Plaintiff
Padma Upadhyayula

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 12, 2016, at Los Angeles, California.

_Julie Contreras_
Julie Contreras